UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION



| | | |
|---|---|---|
| ADEY FOMBANG FRU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV416-327 |
| | ) | |
| LIBERTY COUNTY JAIL, | ) | |
| LIBERTY COUNTY JAIL | ) | |
| ADMINISTRATORS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Adey Fombang Fru brings this action against the Liberty County (Georgia) Jail, its "[a]dministrators" (specifically, Major Jeffrey Hein and Captain Lisa Boyd), and the Jail's medical-service provider, Southern Correctional Medicine. Doc. 1 at 1, 4. He alleges that Jail staff failed to protect him from an assault by another inmate and underprovided post-assault medical care. *Id.* at 5-6. He asks the Court only "for justice to be done because [he is] still suffering from mental and physical pain from [his] injuries." *Id.* at 7. The Court granted Fru's request to proceed *in forma pauperis* (IFP), doc. 3, and he returned the

1

necessary forms, docs. 4 & 5. The Court must now screen out any claims that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Fru's claims against Liberty County Jail fail because it is not an entity subject to suit. *See Lovelace v. DeKalb Cent. Prob.*, 144 Fed. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); *Bembry v. St. Lawrence*, 2007 WL 4256984 at * 2 (S.D. Ga. Nov. 30, 2007) ("Chatham County Jail [ ] is not an entity subject to suit under § 1983"). Those claims therefore should be **DISMISSED**.

Fru's allegations against the jail's medical-care provider fail to state a claim. He objects that an unidentified "jail nurse" refused to perform an HIV test after he was assaulted and that he "was denied" (it's not clear by whom) hospital "examination[]" for his injuries. Doc. 1 at 6. Deliberate indifference to an inmate's serious medical needs can support a § 1983 claim. *See, e.g., Hamm v. Dekalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). Mere disagreement with the treatment provided,

2

however, does not. *Id.* (holding that, although inmate "may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").

Fru admits that he "was placed in the jail medical observation [unit] for 24 hours" following the assault by a fellow inmate. Doc. 1 at 6. He has described no injuries that would have warranted his transfer to a local hospital. *Id.* at 5-6 (describing the contusions, abrasions, and edema he sustained, as well as migraines and dizziness). Nor has he shown that the jail nurse acted with deliberate indifference by assuring him that HIV screening was not indicated simply because he had been bitten by a fellow inmate. Fru has failed to allege that the care he received was deficient in any way, and the fact that he preferred a different course of treatment than the nurse, in her medical judgment, deemed necessary is not enough to state an Eighth Amendment claim.

3

Accordingly, all of Fru's claims related to his medical care, including all claims against Southern Correctional Medicine, should be **DISMISSED**.

Prison officials have a duty to protect prisoners from assaults by other prisoners. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "A prison official violates the Eighth Amendment when he actually (subjectively) knows that an inmate is facing substantial risk of serious harm, yet disregards that risk by failing to respond to it in an (objectively) reasonable manner." *Rodriguez v. Sec'y for the Dept. of Corrs.*, 508 F.3d 611, 617 (11th Cir. 2007). The duty to protect, however, must be understood in its proper context: "Prisons are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people." *Green v. Hooks*, 2017 WL 1078646 at *10 (S.D. Ga. Mar. 21, 2017). In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger. *See Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be *much more* than mere awareness of [an

inmate's] generally problematic nature." (emphasis added)). Fru sketches such a violation, but, in the end, paints with too broad a brush.

First, Fru does not sufficiently allege that he faced a significant threat. He alleges that his assailant had voiced a generally threatening intent -- that "he was suicidal and homicidal," "that he would hurt *someone*" if he were not isolated, and that he "was [known to be] a threat *to third parties.*" Doc. 1 at 6 (emphasis added). The fact that Fru's assailant was, generally, a "threat" may simply explain why he is incarcerated, and certainly does not distinguish him from numerous other prisoners. Fru must do more to explain what made the threat his assailant posed *significant,* such that his jailers' failure to address it could violate his constitutional rights.

Fru's allegations also fail to sufficiently identify the prison employees he contends knew about any serious threat that his assailant posed. He states that the inmate who allegedly assaulted him "told *the jail staff* numerous times that he would hurt someone in the dorm" if he were not isolated. Doc. 1 at 5 (emphasis added). That allegation, at best, implies that someone at the jail knew that his assailant posed a risk. Fru also alleges that "[t]hey" (perhaps referring to Hein and Boyd) knew

his assailant was a "threat" because "it was stated on his 'First Appearance' paperwork from the jail magistrate judge." *Id.* at 6. Although his Complaint implies that the threat posed by his assailant was known prior to his assault, he has not specifically alleged that any particular defendant knew that he was being exposed to a significant risk of serious harm.[1] It fails, therefore, to state a claim against either of them.

Despite his claim's deficiency, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL

---

[1] If Fru has reason to believe that a particular prison official knew that his alleged assailant posed a threat, he should clearly allege who knew what and when. What he should not do is speculate about specific prison officials' knowledge. If he is only able to allege that prison staff, in general, knew or must have known about the threat his assailant posed, he may state his claim against "John Doe" defendants, then try to identify them through discovery.

1381814 at *2 (S.D. Ga. Apr. 6, 2016). The Court in its discretion, therefore, will give him a chance to amend his Complaint. He must do so within 30 days of the date this Order is served. Failure to timely comply may result in a recommendation of dismissal on abandonment grounds. *See* Fed. R. Civ. P. 41(b).

Meanwhile, Fru must pay his $350 filing fee. His furnished account information shows that he has a zero balance in his prison account. Doc. 5 at 1. He therefore does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee), however, shall set aside 20 percent of all future deposits to his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Fru's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from the plaintiff shall be collected by the custodian at his

next institution in accordance with the terms of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this   13th   day of April, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA